IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANDRE DEON JONES, #240 139, | ) |
| Plaintiff, | ) ) ) |
| v. | )  CIVIL ACTION NO. 2:17-CV-26-WKW ) [WO] |
| EDWARD ELLINGTON, *et al.*, | ) ) |
| Defendants. | ) |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

#### I.  INTRODUCTION

Before the court is Plaintiff's request for a preliminary injunction. Doc. 1. He seeks to enjoin Defendants from failing to 1) comply with well-established constitutional rights; 2) change or apply policies, procedures, practices, and/or standard operating procedures effecting his constitutional rights; and 3) comply with the rules and regulations of the Alabama Department of Corrections. Doc. 1 at 17. Upon review, the court concludes the motion for preliminary injunction is due to be denied.

#### II.  STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Plaintiff demonstrates each of these prerequisites: (1) a substantial likelihood of success on the merits; (2) irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Id.*; *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *Cate v. Oldham*, 707

F.2d 1176, 1185 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352, 1354-55 (11th Cir. 1983). "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"" as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Mem'l Hosp. Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper"). " 'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.' " *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001) (quoting *Northeastern Fla. Chapter of Associated Gen. Contractors of America v. City of Jacksonville,* 896 F.2d 1283, 1284 (11th Cir. 1990).

### III. DISCUSSION

Previously, this court denied Plaintiff's request for a TRO (Doc. 3) after considering his motion, the response filed by Defendant Nurse Mitchell to Plaintiff's request for emergency medical relief, and the evidence submitted by Plaintiff and Defendant Mitchell. Doc. 12. The court concluded that the infection about which Plaintiff complained was in remission due to ongoing

medical care and that he had not demonstrated immediate and irreparable injury, loss, or damage was likely to result in the absence of a TRO. *Id.*

Review of Plaintiff's request for injunctive relief in the complaint (Doc. 1), to the extent the requested injunctive relief has not already been addressed by the court (*see* Doc. 12), reflects he has not made the demanding showing required for this extraordinary form of relief. As noted, the purpose of a preliminary injunction is to preserve the status quo, not to decide the issues on the merits. *Suntrust Bank*, 268 F.3d at 1265. Consequently, to the extent Plaintiff's request for preliminary injunctive relief seeks resolution of the ultimate issue(s) presented in the complaint, he cannot show he will suffer irreparable harm absent the grant of preliminary injunctive relief because the ultimate issue(s) presented will be decided either by the court or at trial. *See City of Jacksonville, Fl*a., 896 F.2d at 1285 (quoting *Sampson v. Murray*, 415 U.S. 61, 88 (1974) (" 'The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.' "); *Instant Air Freight Co. v. C.F. Air Freight, Inc.,* 882 F.2d 797, 801 (3d Cir. 1989) ("The preliminary injunction must be the only way of protecting the plaintiff from harm."). The third factor, balancing potential harm to the parties, weighs more heavily in favor of Defendants. Regarding the fourth factor, it is impossible to determine what Plaintiff's requested relief would entail exactly preventing the court from determining what burden an injunction would have on the Alabama Department of Corrections and whether issuing one would harm the public interest. Issuing a preliminary injunction is not warranted.

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The Motion for Preliminary Injunction (Doc. 1) be DENIED; and

2.  This case be referred to the undersigned for additional proceedings.

It is further

ORDERED that on **or before April 13, 2017**, the parties may file an objection to this Recommendation. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993);  *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on this 30th day of March 2017.

/s/Terry F. Moorer
TERRY F. MOORER
UNITES STATES MAGISTRATE JUDGE